Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2678 | **DATE** | 5/18/2004 |
| **CASE TITLE** | Erin Burke vs. J.B. Hunt Transport Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Order. No leave is granted to reassert any of the stricken Ads - - if Hunt Transport's counsel believe that they can do so in the objective good faith that is required by Rule 11(b), they must seek leave to file by appropriate motion. Leave is however granted to file an amendment to Answer ¶7 in this court's chambers on or before May 28, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 19 2004 | 5 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 5/18/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERIN BURKE,                              )
                                         )
                Plaintiff,               )
                                         )
        v.                               )   No.  04 C 2678
                                         )
J.B. HUNT TRANSPORT SERVICES, INC.,      )
                                         )
                Defendant.               )

### MEMORANDUM ORDER

J.B. Hunt Transport, Inc. ("Hunt Transport," incorrectly named in the Complaint as J.B. Hunt Transport Services, Inc.) has filed its Answer and Affirmative Defenses ("ADs") to the Family Medical Leave Act ("FMLA") action brought against it by its ex-employee Erin Burke ("Burke"). This memorandum order is issued sua sponte to deal with some problematic aspects of that responsive pleading.

Only one aspect of the Answer itself calls for any discussion. Answer ¶7, in denying all but one portion of the allegations in Burke's Complaint ¶7, challenges the allegations that "[a]ll conditions precedent to jurisdiction under 29 U.S.C. §2617 have occurred or been complied with." Yet despite Hunt Transport's counsel's laundry list of fully 12 ADs (of which more later), none of them even suggests any flaw in that respect. If Hunt Transport is in fact asserting some jurisdictional defect, its counsel is obligated to identify it--and if not, Answer ¶7 must be amended to eliminate what would then be a red herring.

But the principal problem with Hunt Transport's responsive pleading is its inclusion of what seem to be a substantial number of questionable ADs. Here are the problems that appear to afflict virtually all of them:

1. Each of ADs 1, 2, 5, 10 and 11 impermissibly employs a wholly uninformative "to the extent" locution, something that gives no clue to Burke's counsel or to this Court as to whether Hunt Transport is really challenging some aspect of the Complaint on any of the indicated grounds (as distinct from posing some purely speculative or hypothetical difficulty). All of those ADs are therefore stricken.

2. AD 4 is the first of a number of the remaining ADs that violate the basic concept embodied in Fed. R. Civ. P. ("Rule") 8(c) and in the caselaw construing and applying that Rule--in that respect, see App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). In this instance, because AD 4 contradicts Complaint ¶¶11, 16 and 24, the allegations of which are placed in issue by Hunt Transport's denials, AD 4 is stricken.

3. ADs 6 and 8 are stricken for the same reason, for each is directly at odds with Complaint Count III.

4. ADs 7 and 9 are also stricken, because each contradicts Complaint ¶12.

No leave is granted to reassert any of the stricken ADs--if Hunt Transport's counsel believe that they can do so in the objective good faith that is required by Rule 11(b), they must seek leave to file by appropriate motion. Leave is however granted to file an amendment to Answer ¶7 in this Court's chambers on or before May 28, 2004 (with a copy to be transmitted contemporaneously to Burke's counsel).

Milton I. Shadur
Senior United States District Judge

Date: May 18, 2004